IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HUTCHINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 20-745 |
| v. | ) |
| | ) Judge Marilyn J. Horan |
| WAYNE TOWNSHIP, WILLIAM HEPLER, SHARI BANEY, LILLIAN WELSH, and MATTHEW VANASCO, | ) |
| | ) |
| Defendants. | ) |

**OPINION**

Plaintiff Charles Hutchinson filed suit against Defendants Wayne Township, William Hepler, Shari Baney, Lillian Welsh, and Matthew Vanasco alleging claims for retaliation, malicious prosecution, and conspiracy. (ECF No. 1). Pending before the Court is Defendant Welsh's Motion to Dismiss. (ECF No. 22). For the reasons that follow, Ms. Welsh's Motion to Dismiss will be granted.

I.   **Factual Background**[1]

In 2016, Mr. Hutchinson and Mr. Hepler were both supervisors at Wayne Township in Lawrence County, Pennsylvania. (ECF No. 1, ¶ 13). Since 2011, Mr. Hutchinson and Mr. Hepler have been political opponents. (ECF No. 1, ¶ 11). Ms. Baney also worked at Wayne Township as a secretary. (ECF No. 1, ¶ 8). Ms. Welsh is a private citizen living in Lawrence

---

[1] The background facts are taken from the Complaint. (ECF No. 1). Because the case is presently before the Court on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the Plaintiff. *See Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017).

County, Pennsylvania. (ECF No. 1, ¶ 9). Ms. Baney and Ms. Welsh are political supporters of Mr. Hepler and have supported his political campaigns in the past. (ECF No. 1, ¶ 12).

On November 28, 2016, Mr. Hutchinson purchased a McCormick F80 tractor from McGrew Equipment Company for his personal business, Hutchinson Welding and Trucking. (ECF No. 1, ¶¶ 14, 16, 17). At the time he purchased the tractor, Mr. Hutchinson completed a Pennsylvania Exemption Certificate to remove the sales tax from the purchase. (ECF No. 1, ¶ 15). A year later, on December 20, 2017, Ms. Baney and Ms. Welsh told Defendant Vanasco, who is a detective at the Lawrence County District Attorney's Office, that Mr. Hutchinson used the Wayne Township tax exemption to remove the sales tax from his purchase of the McCormick F80 tractor. (ECF No. 1, ¶¶ 10, 18). On February 4, 2019, Ms. Baney gave Detective Vanasco the November 28, 2016 tax exemption certificate signed by Mr. Hutchinson. (ECF No. 1, ¶ 23). On December 9, 2019, Detective Vanasco charged Mr. Hutchinson with producing/trafficking unlawful device making equipment, theft by taking, and theft by deception. (ECF No. 1, ¶ 24). On January 29, 2020, the charges against Mr. Hutchinson were withdrawn. (ECF No. 1, ¶ 30). Mr. Hutchinson alleges reputational damage and emotional distress resulting from said events. (ECF No. 1, ¶ 31).

In Count I, Mr. Hutchinson asserts a retaliation claim for violation of his First Amendment rights to political association pursuant to 42 U.S.C. § 1983 and the First Amendment against all Defendants. In Count II, Mr. Hutchinson asserts a malicious prosecution claim pursuant to 42 U.S.C. § 1983 and the First Amendment against Detective Vanasco. In Count III, Mr. Hutchinson asserts a conspiracy claim for violation of his First Amendment rights to political association pursuant to 42 U.S.C. § 1983 and the First Amendment against all Defendants.

## II. Standard of Review

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v.*

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997).  The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint.  *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).  The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding."  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted).  Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice."  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'"  *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great W. Mining*, 615 F.3d at 175).

### III.  Discussion

Ms. Welsh moves to dismiss the section 1983 retaliation and conspiracy claims against her, arguing that as a private citizen she was not acting under the color of state law and cannot be found liable for a violation of § 1983.  (ECF No. 23, 21).  Mr. Hutchinson argues that because Detective Vanasco, who is a government employee, substituted his own judgment for Ms. Welsh's, that she was indeed acting under the color of state law.  (ECF No. 26, 9).  Relevant to a section 1983 claim asserted against an individual, the "basic cause of action requires that a § 1983 plaintiff prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of

4

rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

There are no allegations in the Complaint that suggest that Ms. Welsh was employed by Wayne Township or worked for any other state or local government. As a result, she cannot be considered acting under the color of state law. Although Mr. Hutchinson suggests that Ms. Welsh was acting in collusion with Detective Vanasco such that his judgment was substituted for her own, there are not enough factual allegations in the Complaint to suggest that Ms. Welsh was not exercising her own judgment when she reported Mr. Hutchinson's tax exemption certificate to Detective Vanasco. Because Ms. Welsh is a private individual who was not acting under the color of state law, Ms. Welsh's Motion to Dismiss the Count I retaliation and Count III conspiracy claims against her will be granted.

### IV.     Conclusion

For the reasons stated above, Ms. Welsh's Motion to Dismiss Mr. Hutchinson's section 1983 claims against her will be granted. Mr. Hutchinson's section 1983 claim will be dismissed without prejudice. Mr. Hutchinson is permitted leave to amend because the Court cannot say with certainty that amendment would be futile. *Phillips*, 515 F.3d at 246; *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("Our precedent supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."). Mr. Hutchinson will have 14 days to file an Amended Complaint. If amendment is not forthcoming within that time, the claim asserted against Ms. Welsh will be

dismissed with prejudice. If Mr. Hutchinson files an Amended Complaint, Ms. Welsh shall file her Answer within 14 days of such filing. An appropriate Order will be entered.

Date: April 12, 2021

Marilyn J. Horan
United States District Court Judge

6